UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD FERREIRA,<br>    Plaintiff,<br><br>v.<br><br>CITY OF FALL RIVER; EDWARD M.<br>LAMBERT, JR., INDIVIDUALLY AND;<br>IN HIS OFFICIAL CAPACITY AS<br>MAYOR OF THE CITY OF FALL<br>RIVER; JOHN M. SOUZA,<br>INDIVIDUALLY AND IN HIS<br>OFFICIAL CAPACITY AS<br>CHIEF OF POLICE OF THE CITY OF FALL<br>RIVER POLICE DEPARTMENT; JAMES<br>ELUMBA; MANUEL BERNARDO;<br>ANDREW CROOK; JAY HUARD;<br>PAUL GAUVIN; JOHN DOE AND<br>RICHARD ROE, POLICE OFFICERS<br>OF THE CITY OF FALL RIVER, THE<br>IDENTITY AND NUMBER OF WHOM<br>IS PRESENTLY UNKNOWN,<br>    Defendants | **COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

INTRODUCTION

1. This is an action brought by Richard Ferreira (hereinafter "Plaintiff" or "Ferreira") against the City of Fall River, MA, city officials and various individuals for Federal and State Civil Rights violation and violation of the Massachusetts Tort Claims Act which resulted in damages to the Plaintiff resulting from two separate events occuring on or about November 19, 2004 and on May 23, 2005.

2. The Plaintiff, Richard Ferreira brings this action against the Defendants, Edward M. Lambert, Jr.; John M. Souza; James Elumba; Manuel Bernardo; Andrew Crook; Jay Huard ; Paul Gauvin to address the unlawful strip search of the Plaintiff in May of 2005 for violation of Richard Ferreira's Civil Rights pursuant to 42 USC §1983 and under MGL c.12 §§ 11H and 11I.

3. The Plaintiff, Richard Ferreira brings this action against the Defendants, Edward M. Lambert, Jr.; John M. Souza; Jay Huard; Paul Gauvin and various other presently unknown officers to address the actions occurring on or about November 19, 2004 for violation of Richard Ferreira's Civil Rights pursuant to 42 USC §1983 and under MGL c.12 §§ 11H and 11I.

1

PARTIES

4. The Plaintiff is an individual resident of the City of Fall River, County of Bristol, Commonwealth of Massachusetts.

5. The Defendant, City of Fall River, is a municipal corporation duly organized and existing under the laws of the Commonwealth of Massachusetts and pursuant to law capable of being sued in this Court.  Defendant, City of Fall River employed each of the other defendants as city employees and at the City of Fall River Police Department. Defendant City of Fall River's acts or failure to act through its policy making officials, including the Mayor of the City of Fall River, the Chief of Police of the City of Fall River Police Department, and police officers of the City of Fall River.  The acts of these policy making officials represent the policies, practices, and customs of the City of Fall River.

6. The Defendant Edward M. Lambert, Jr. ("Lambert" or "Mayor Lambert") was at all times relevant the duly elected Mayor of the City of Fall River.  As such, he was responsible for the management of the City of Fall River Police Department.  At all times relevant, the Mayor was in whole or in part, responsible for the training and/or conduct of the police officers employed by the City of Fall River.  The Mayor was further responsible for enforcing the regulations of the City of Fall River Police Department and for ensuring that the employees of the City of Fall River Police Department obeyed the Laws of the Commonwealth of Massachusetts and the United States of America and followed procedures which were required of them by appropriate authorities.  Edward M. Lambert, Jr. resides within the judicial district and is sued individually and in his official capacity.

7. The Defendant John M. Souza ("Souza" or "Chief Souza") was at all relevant times the duly appointed Chief of Police for the City of Fall River Police Department.  As such, he was the commanding officer of all other defendants named in this action who were employed in the City of Fall River Police Department and was responsible for their training and conduct.  At all times relevant, Chief Souza was responsible for adopting and implementing procedures, policies and regulations relating to the City of Fall River Police Department designed to provide reasonable guarantees for the care and safety of the citizens of the City of Fall River.  Chief Souza was, at all times relevant, responsible for enforcing the regulations of the City of Fall River Police Department and for ensuring that employees of the City of Fall River Police Department obeyed the Laws of the Commonwealth of Massachusetts and the United States of America and followed procedures which were required of them by appropriate authorities.  John M. Souza is sued in his individual and official capacity.  Chief Souza has a regular place of business at 685 Pleasant Street in the City of Fall River, County of Bristol, Commonwealth of Massachusetts, within the judicial district.

8. The Defendants Paul Gauvin ("Gauvin"), Jay Huard ("Huard"), James Elumba ("Elumba"), Manuel Bernardo ("Bernardo"); Andrew Crook ("Crook") were at all times material hereto, police officers for the Fall River Police Department in the City of Fall River, Bristol County, Massachusetts.

2

9. The Defendants, John Doe and Richard Roe, Police Officers of the City of Fall River, the identity and number of whom is presently unknown to the Plaintiff were at all times material hereto, police officers for the Fall River Police Department in the City of Fall River, Bristol County, Massachusetts.

10. At all times relevant hereto, and in all their actions described herein, each of the defendants were acting under the color of state law and under the color of their authority as police officials and/or administrators of the City of Fall River Police Department or the City of Fall River, pursuant to their various state statutes, ordinances, bylaws, rules and regulations attendant thereto.

## JURISDICTION and VENUE

11. This action is brought pursuant to 42 USC §1983 and the guarantees provided under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and those liberties that emanate therefrom as well as General Laws, c. 258 §3 and c. 223 §2.  Jurisdiction is conferred upon this Court under 28 USC §§1331 and 1343 (1), (2), (3) and (4).

12. This court has jurisdiction over Plaintiff's state law claims under the doctrine of pendent jurisdiction.

13. All of the actions, omissions and events complained of take place in the City of Fall River, County of Bristol, Commonwealth of Massachusetts, and within the venue of this Court.

14. The amount of controversy exclusive of interest and costs exceed $75,000.00

## ALLEGATIONS
## OCCURING ON OR ABOUT NOVEMBER 19, 2004

15. The Plaintiff Richard Ferreira re-states and re-alleges, and incorporates herein by reference paragraphs 1 through 14 above as if expressly re-written and set forth here.

16. On or about Friday, November 19, 2004 at approximately 10:00AM, officers of the City of Fall River Police Department were prepared to execute a search warrant for 115 Swindell Street in Fall River, MA.

17. The Plaintiff was observed by police seated in a parked automobile outside of 115 Swindell Street making no threatening or aggressive movements or statements.

18. A large number of police officers converged upon the parked vehicle containing the Plaintiff and ordered him to exit.

19. The Plaintiff attempted to peacefully comply with the officers' show of authority and made no attempt to escape, or make threatening movements toward the officers.

20. Without provocation, the Defendants, John Doe and Richard Roe, Police Officers of the City of Fall River, the identity and number of whom is presently unknown to the Plaintiff swiftly, physically and violently removed the Plaintiff from the vehicle and forcefully threw him down onto the pavement of Swindell Street.

21. The Defendants, John Doe and Richard Roe, Police Officers of the City of Fall River, the identity and number of whom is presently unknown to the Plaintiff surrounded and collectively punched, kicked and beat the outnumbered Plaintiff repeatedly about the head, face and body.

22. One or more of the Defendant police officers bit the Plaintiff on the face.

23. During the beating of the Plaintiff, the Defendants, John Doe and Richard Roe, Police Officers of the City of Fall River, the identity and number of whom is presently unknown to the Plaintiff, directed profane, foul and abusive insults at the Plaintiff.

24. One or more of the presently unknown police officers made statements that Plaintiff should be brought into the house in order to avoid being seen by any witnesses.

25. One or more of the presently unknown police officers made statements indicating to other officers that the Police would deny any beating and that they would state that the Plaintiff fell down.

26. Immediately after the beating outside, the Plaintiff was swiftly brought by police into the house at 115 Swindell Street.

27. Inside the apartment, the Plaintiff told police that they should talk to his lawyer and told two women in the house not to talk to police.

28. One or more of the presently unknown police officers then stood over the handcuffed Plaintiff and punched him in the face and head several times.

29. After a search was conducted by the police, the Plaintiff was transported to the Fall River Police Station although he was not read his rights nor was he told that he was under arrest.

30. Upon arrival at the police station, the Plaintiff was asked if he wanted to get medical attention.

31. When the Plaintiff said he did want to go to the hospital he was then immediately told he was under arrest for various criminal charges including resisting arrest and assault and battery on a police officer.

32. Police transported Plaintiff to hospital for medical treatement.

4

33. The Police officer transporting the Plaintiff to the hospital, believed to be Defendant Jay Huard, told Plaintiff if he refused medical treatment and was released from the hospital he would immediately take him to the District Court for arraignment on the charges.

34. After short period of time at the hospital, the Plaintiff opted not to be treated in reliance on a promise made by police officer that Plaintiff would be immediately transported to the court for arraignment if treatment was refused.

35. Plaintiff was not transported to court but rather was transported back to the Fall River Police Station and placed in a holding cell.

36. The Plaintiff called his mother and left a message for her to contact his attorney to notify the attorney that the Plaintiff was seeking his legal assistance.

37. At no time on November 19, 2004 was the Plaintiff transported to the District Court or any other court for arraignment.

38. At approximately 5:00PM on November 19, 2007, the Plaintiff's attorney, Michael Suneson, Esq. ("Suneson") telephoned the Fall River Police Station and spoke with defendant Sgt. Paul Gauvin ("Gauvin") who stated he was the "officer in charge." Suneson identified himself as counsel to the Plaintiff and requested information regarding his client the Plaintiff, to which Gauvin refused to give any information to Suneson.

39. At approximately 5:30PM Suneson arrived at the Fall River Police Station along with the Plaintiff's mother, identified himself as Plaintiff's counsel and asked to see his client, the Plaintiff.

40. Gauvin refused to allow Suneson to see the Plaintiff thereby depriving the Plaintiff his right to counsel.

41. The Plaintiff was held unnecessarily and in violation of the law at the Fall River Police Station by police until Monday November 22, 2004.

42. The Defendants City of Fall River, Lambert and Souza had a policy, custom or practice of failing to properly train or otherwise institute procedures to properly, arrest, detain and search persons arrested by police officers of the Fall River Police Department.

43. The Defendants City of Fall River, Lambert and Souza exhibited a wanton, reckless and careless neglect in failing to establish policies and procedures at the Fall River Police Department to ensure the protection of the various civil rights of any detainees under the control of said department.

44. As a direct and proximate result of the Defendants' conduct as described, the Plaintiff experienced pain and suffering, mental anguish and distress, and was otherwise damaged and injured.

## ALLEGATIONS
## OCCURRING ON OR ABOUT MAY 23, 2005

45. The Plaintiff Richard Ferreira re-states and re-alleges, and incorporates herein by reference paragraphs 1 through 44 above as if expressly re-written and set forth here.

46. On or about May 23, 2005, the Plaintiff was arrested by police officers of the Defendant City of Fall River.

47. Plaintiff was transported to the Fall River Police Station.

48. At Fall River Police Station, the Plaintiff was compelled to submit to a strip search and visual body cavity search despite:

    (a) The absence of a warrant.
    (b) The absence of other circumstances sufficient in the law to justify a warrantless strip search and body cavity search.
    (c) Absence of permission from the Staff Services Duty Supervisor to conduct the strip search of the Plaintiff.

49. The strip search was conducted by Defendants Elumba, Bernardo and Crook.

50. No drugs or contraband were found on the person of the plaintiff during the strip search of the Plaintiff.

51. The search of Plaintiff was performed in contravention of the Standard Operating Procedure manual established by the City of Fall River Police Department.

52. The Defendant City of Fall River had a policy, custom or practice of failing to properly train or otherwise institute procedures to properly detain and search persons arrested by its police officers.

53. The Defendants, Lambert, Souza had a policy, custom or practice of failing to properly train or otherwise institute procedures to properly detain and search persons arrested by its police officers.

54. The strip search of Plaintiff conducted by Defendants was an improper, unncessary and unreasonable search in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 USC §1983.

55. As a direct and proximate result of the unlawful strip search of the Plaintiff, the Plaintiff has suffered extreme humiliation, mental anguish and distress, to his damage.

56. Wherefore the Plaintiff, Richard Ferreira, demands judgment against the Defendants Lambert, Souza, Elumba, Bernardo, Crook and City of Fall River and claims damages plus interest, punitive damages and other relief as the court deems just and proper under this claim for relief.

## STATEMENT OF CLAIMS

### COUNT I  -  INFLICTION OF EMOTIONAL DISTRESS

57. The Plaintiff Richard Ferreira re-states and re-alleges, and incorporates herein by reference paragraphs 1 through 56 above as if expressly re-written and set forth here.

58. As a result of Defendants' extreme outrageous conduct, the Plaintiff has suffered severe emotional distress which Defendant's knew or should have known was the likely result of the actions and whereby Defendants are liable to the Plaintiff for damages.

### COUNT II  -  ASSAULT AND BATTERY

59. The Plaintiff Richard Ferreira re-states and re-alleges, and incorporates herein by reference paragraphs 1 through 58 above as if expressly re-written and set forth here.

60. On November 19, 2004, the Defendants John Doe and Richard Roe, Police Officers of the City of Fall River, the identity and number of whom is presently unknown to the Plaintiff, without provocation, justification, committed an assault and battery on the Plaintiff.

61. As a result, the Plaintiff was seriously injured, suffered pain and anguish and was otherwise damaged.

### COUNT III  -  MALICIOUS PROSECUTION

62. The Plaintiff Richard Ferreira re-states and re-alleges, and incorporates herein by reference paragraphs 1 through 61 above as if expressly re-written and set forth here.

63. Criminal charges were filed against the Plaintiff by Defendants Elumba, Bernardo and Crook resulting from the events occurring on May 23, 2005 without basis and were done maliciously and with intent to harm Plaintiff.

64. The criminal charges against the Plaintiff resulting from the events occurring on May 23, 2005 were dismissed by the Bristol County Superior Court on July 5, 2006.

65. The Plaintiff was arrested and criminally prosecuted as a result of events occurring on November 19, 2004 for attempting to exercise his right to seek medical attention secured under the Eighth Amendement to the United States Constitution.

66. The prosecutions of the Plaintiff were commenced and instituted by the Defendants Huard and John Doe and Richard Roe, Police Officers of the City of Fall River, the identity and number of whom is presently unknown to the Plaintiff without basis, and were done maliciously and with intent to harm the Plaintiff.

67. As a result of the malicious prosecutions, the Plaintiff was injured and otherwise damaged.

### COUNT IV  -  FALSE IMPRISONMENT

68. The Plaintiff Richard Ferreira re-states and re-alleges, and incorporates herein by reference paragraphs 1 through 67 above as if expressly re-written and set forth here.

69. The Plaintiff, on November 19, 2007 and on May 23, 2005 was unlawfully arrested, restrained and detained by force exercised by the Defendants John Doe and Richard Roe, Police Officers of the City of Fall River, the identity and number of whom is presently unknown to the Plaintiff and by Defendants Elumba, Bernardo and Crook .

70. As a result of the wrongful detention and false imprisonment, the Plaintiff was deprived of his personal liberty and has suffered damages.

### COUNT V  -  CONSPIRACY

71. The Plaintiff Richard Ferreira re-states and re-alleges, and incorporates herein by reference paragraphs 1 through 70 above as if expressly re-written and set forth here.

72. The Defendants Gauvin and John Doe and Richard Roe, Police Officers of the City of Fall River, the identity and number of whom is presently unknown to the Plaintiff, immediately launched a scheme to prevent the Plaintiff's injuries sustained on November 19, 2004 which resulted from the excessive, unnecessary and brutal beating by the Defendants from being discovered or witnessed.

73. The swift removal of the Plaintiff indoors and statements made by Defendants John Doe and Richard Roe, Police Officers of the City of Fall River, the identity and number of whom is presently unknown to the Plaintiff, at the scene of the beating; the trickery employed to fool the Plaintiff into leaving the hospital; the unnecessarily prolonged detention of the Plaintiff and refusal to allow the Plaintiff's appearance in court; the denial of Plaintiff's right to assistance of  counsel were all part of the elaborate scheme.

74. Defendants Gauvin and John Doe and Richard Roe, Police Officers of the City of Fall River, the identity and number of whom is presently unknown to the Plaintiff, agreed to, conspired to and in fact did deprive the Plaintiff of his Constitutional Rights and covered up the ruthless beating sustained by the Plaintiff on November 19, 2004.

75. As a result of the Defendants conspiracy, the Plaintiff was injured and otherwise damaged.

### COUNT VI  -  MASSACHUSETTS CIVIL RIGHTS ACT

76. The Plaintiff Richard Ferreira re-states and re-alleges, and incorporates herein by reference paragraphs 1 through 75 above as if expressly re-written and set forth here.

77. The Defendants, in violation of Massachusetts General Laws Chapter 12, §11I interfered or attempted to interfere by threats, intimidation, or coercion, with the Plaintiff's exercise and enjoyment of rights secured under the Constitution or laws of the United States, or rights secured by the Constitution of laws of the Commonwealth of Massachusetts and the United States and are jointly and severally liable to the Plaintiff for said interference.

### COUNT VII  -  MASSACHUSETTS TORT CLAIMS ACT

78. The Plaintiff Richard Ferreira re-states and re-alleges, and incorporates herein by reference paragraphs 1 through 77 above as if expressly re-written and set forth here.

79. All of the acts and omissions of Defendants set forth and described above occurred while each acted as a police employee within the scope of their offices or employment by the Defendant City of Fall River.

80. The foregoing acts and omissions were negligent or otherwise wrongful acts or omissions within the meaning of Massachusetts General Laws Chapter 258, and proximately caused injury to the Plaintiff.

81. Defendant City of Fall River is liable to Plaintiff for the injuries and damages Plaintiff has sustained as the proximate result of its' employees' negligent or wrongful acts and omissions.

### COUNT VIII  -  42 USC §1983

82. The Plaintiff Richard Ferreira re-states and re-alleges, and incorporates herein by reference paragraphs 1 through 81 above as if expressly re-written and set forth here.

83. The Defendant Gauvin's conduct deliberately denying the Plaintiff his right to consult with counsel is a violation of the rights secured to the Plaintiff under the Fifth and Sixth Amendments to the United States Constitution, and 42 USC §1983.

84. Defendants Huard , John Doe and Richard Roe, Police Officers of the City of Fall River, the identity and number of whom is presently unknown to the Plaintiff, their agents and employees, with knowledge of Plaintiff's medical needs, and/or with deliberate indifference too such medical needs, have acted or failed to act in such a way as to deprive Plaintiff of necessary and adequate medical care thereby endangering the Plaintiff's health and well-being thereby denying the Plaintiff of his rights under the Eighth Amendment to the United States Constitution and the due process of law.  Such acts and omissions of the Defendants were negligent, reckless and/or intentional.

85. The extended detention of Plaintiff without appearance in court was an unnecessary and unreasonable seizure and cruel and unusual punishment, in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and 42 USC

§1983.  Defendants knew or should have known that their conduct violated Plaintiff's civil rights under the United States Constitution.

86. The Defendants Elumba, Bernardo, Crook conduct, seizure, unlawful strip search and arrest of the Plaintiff violated the Plaintiff's right to be secure in his person and effects against unreasonable search and seizure under the Fourth, and Fourteenth Amendments to the United States Constitution.

87. The Defendants John Doe and Richard Roe, Police Officers of the City of Fall River, the identity and number of whom is presently unknown to the Plaintiff, and Defendant Gauvin, jointly, severally and in concert subjected the Plaintiff or caused the Plaintiff to be subjected to the deprivation of rights, privileges and immunities secured by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and laws of the United States, including without limitation freedom from excessive unreasonable force; freedom from unreasonable search, arrest and detention; freedom from malicious prosecution; freedom from verbal abuse and harassment; right to assistance of counsel; right to necessary and adequate medical care.

## DEMAND

Wherefore, the Plaintiff Richard Ferreira demands:

A. Trial by jury on all counts;

B. Entry of judgment in favor of Plaintiff on all counts and against each of the Defendants;

C. The award of compensatory monetary damages against each of the Defendants jointly and severally in an amount not less than $600,000.00 plus pre-judgment and post judgment interest, costs and reasonable attorneys fees;

D. The award of punitive damages against each individual Defendant;

E. The award of compensatory damages against the Defendant City of Fall River under Massachusetts General Laws Chapter 258; and

F. Such other and further relief as this Court may deem just and equitable.

Plaintiff Claims Trial By Jury on all issues properly triable as such.

Richard Ferreira, Plaintiff
By his attorney

                                                      /s/  David J. Gerwatowski  
                                                      DAVID J. GERWATOWSKI  
                                                      The Gerwatowski Law Office  
                                                      442 County Street  
                                                      New Bedford, MA 02740  
                                                      (508)999-4420  
                                                      BBO# 651334

DATED:      November 12, 2007